and Mr. Wagner will hear from you. Thank you, Judge. And may it please the Court, good morning. My name is Rob Wagner. I represent Mr. Myrick on this appeal. The principal issue that Mr. Myrick presents before this Court is the Speedy Trial Act violation. Had the Court properly calculated the tolling of the speedy trial clock, the charge against Mr. Myrick from the initial indictment would have been dismissed. And that is the relief that Mr. Myrick seeks from this Court today. Mr. Myrick submits that the determination, the Speedy Trial Act decision, rests on this Court's findings regarding the 16-day period between the hearing on the motion to dismiss or, excuse me, to suppress on January 24th of 2023 and the district court's written order of February 9th of 2023. Let me ask you this. I understand that argument. The question is whether the Court made the decision during the oral argument or left it open and wrote later. Yes, sir. And if it wrote later, then everything was timely. But it seems to me that there are a couple of other issues that might even trump that. The December postponement, if the December postponement satisfied law, that would also eliminate any challenge, right? I think it's unclear because there were two continuances, Judge. I know. The first one. Right. The first one, when the Court wrote an opinion and gave reasons. The second time, the Court just recited the formula. Good cause. Yeah, yeah, right, right. But the first time, there was a broader explanation. And my question is, if that was adequate, then we don't have an issue, right? I wouldn't agree with that, Judge, because All those days get knocked out, right? Yeah, but it's unclear from the record how many days that would actually add to the tolling and whether or not So the district court judge made a 64 days it adds. I don't believe so, Judge, because I think that, first of all, the government took the position November 28 to January 31. Yes. But again, it's unclear. So a lot of that time had been excluded by the district court or had been used to toll the speedy trial for different reasons. Well, I know. But we're adding up days. And it seems to me if that continuance was justified or complied with law, it hurts you. The second question neither party raised, and I want to raise it with you, is there was a superseding indictment filed in February which added two counts, two gun counts. And the question I have is we have some unpublished authority that says that restarts the clock. And I don't know if you're prepared to address that. But that seems to me might be a problem in this case, too, if that were so. So go ahead. Okay. So I understand your questions, and I am prepared to talk about the superseding indictment, Judge. It wasn't briefed, and I don't have a bunch of case law on that. And if anybody's curious about it, I'd be happy to give an opportunity. I don't know where my panelists are on that, but a few days to give us some case law on that. Sure. It seems to me that you have brand-new charges, substantive, really substantial charges, two gun charges with mandatory consecutive penalties. And they were asserted for the first time in February. It would seem at least as to those, a clock would have to start again. Now then the question is what happens to the drug count? I don't know the answer to that, but to me, I would think that if you add them, you have to start the clock again, just like when you add a defendant. In order to protect the defendant, the others ride along with it, co-defendants have to ride along with it. So it's sort of a black-and-white response to your challenge. If the superseding indictment that adds additional risk does restart the clock, then we wouldn't have to get into the question of whether the district court decided orally or in writing, which is where you focus most of your attention. Sure. I think the argument could be made that as to the two additional charges that were added, that the Speedy Trial Act did not apply to those charges. I know, but we don't split up indictments by parties and counts when we're trying cases. They're put together. We can take them apart or put them together. Right. In this case, they're put together, nobody's challenged. Right. But I would argue at least as to the original charge, that the superseding indictment would not have told the Speedy Trial Act or started a new Speedy Trial Act for that charge. That charge had been pending for quite some time at that point. But I would appreciate the opportunity to brief that if that is of concern to the Court. I'd be happy to do that. My colleagues here. All right. But as to — I'm sorry. Okay. So why don't you each of you within 10 days just give us a little simultaneous response, either by letter or brief, on the issue of whether a superseding indictment that adds substantive counts starts the clock again? I don't know if there's a lot of law. We didn't do a lot on that. But it was a — as you're going through the sequence in this case, it sort of raises — Right, right. Raises that. And the other question, which I'd like you to address during your argument, is why the first continuance would not stop the clock. Sure, sure. And as to the superseding indictment, that was nothing that the district court addressed in its consideration of the issue?   Right, right. But nor did the district court ever mention it as a reason why the speedy trial clock should have been pulled. That's fair. I share that view with you. It just popped up when reading your briefs.  I understand. Let me address your first issue, Judge. So, really, there are three reasons why the Court should not accept the position that that continuance, that first continuance that was granted, should toll the speedy trial clock. First of all is the authority on point. And I would suggest the Bloat case from the United States Supreme Court is directly on point. It dealt with the same issue, the filing of pretrial motions. And that was all that was placed on the record by the district court, was that the reason for this continuance was the filing of pretrial motions. It didn't go into any more explanation. And then on the other hand, this was, I think, during the period when new counsel came in and had to prepare. That's true. And the Court gave several reasons. It used the formulaic in the interest of justice, but then it gave its reasons after that. And the question, I guess your argument is those reasons were inadequate. But it seems to me, if we were to conclude they were adequate, then the Speedy Trial Act goes away, the issue goes away, doesn't it? Again, I'm not sure about the computation and calculation of days on that particular motion. I would disagree with that. But a lot would depend on the other decisions made by this Court as to the second motion for continuance. But most importantly, the ---- Was there, for the first one, was there an objection to it? I'm sorry. Was there an objection? Was there an objection? To the motion for continuance? Yes. No, Your Honor. There was not. The motion was, in fact, I think, made by the defendant in that particular instance. But I don't think that's determinative of the motion. The second one was a joint motion, I believe. It was a joint motion, correct. Yeah. But as to the first motion, Your Honor, the decision made on the motion for Speedy Trial to dismiss on the basis of the Speedy Trial, it was made on the 22nd of March, the first day of trial in 2023. And at that point in time, the district court didn't place anything on the record in addition to what was in his order that he signed granting the motion to continue. So for the district court to come back and give other explanations later in later litigation on the issue should not be considered by this Court. It's what was decided. And that's the Smart case. That's the Hart case. What was decided at the time? What rationale was given? What justification was given for the granting of the continuance at the time the Speedy Trial? Let's take the first continuance. The first continuance, we have new counsel coming in. New counsel wanted to file motions. New counsel said, I want to be able to represent this man, and I need more time. Yes, sir. And he filed a motion for continuance on behalf of the defendant. The Court not only granted it with the formula required by statute, but then the second paragraph gave its explanation as to why that would be just and in the interest. Yes, sir. Where's the flaw? Okay. And there are a couple, Judge. First of all, the Court, the district court, and this Court has been clear on that issue, the district court has to articulate the reasons for that continuance. That's a disfavored factor for a Speedy Trial. And a new attorney comes in and said, I need to prepare for the trial. I just got in. I agree, Judge. And that's in the interest of the defendant. It's in the interest of the public. It's in the interest of good justice. That may be a valid point, but it wasn't placed on the record by the district court as the reason for that continuance. You look at the order that the Court issued on that particular continuance, and that order specifically said for pretrial motions, for the filing of pretrial motions, didn't say anything about considerations of new counsel and the balancing of interests for ends of justice reasons for the continuance. That was advanced by the defendant. I mean, that's what's on the table.  But this Court has to be bound and has to pay attention and look at the rationale provided by the district court. I mean, the defendant can give all kinds of reasons for a continuance. The government can make all kinds of arguments on the record. But it is what the district court decides and what's on the record from the district court that controls the issue. And we have very little on the record before that initial decision to continue the case on that first continuance motion was made on the 22nd of March of 2023. And the other thing, Judge, in the government's own ----  The Court said in its order, it says, ''Defendants, counsel has recently retained and has requested a continuance to allow time to file appropriate motions.'' And it seems to me there could be nothing more fundamental to the interests of justice, not only for the defendant, for the public, is to make sure the defendant has proper representation. Yes, sir. But I don't believe that's sufficient to demonstrate that other than the filing of pretrial motions, that was the reason why the Court from that record, from that order, was ordering that continuance. He represented recent, but how recent? And to what extent was that particular issue controlling on whether to grant the continuance? And the other thing is, Judge, that the government in its pleadings and its filings on the Speedy Trial issue gave it a number of 62 days and never used that continuance in the filing of its briefs as a reason why the Speedy Trial clock should have been told. And so I think that's very important that the government and the district court in its findings found that 65 days, only 65 days, had been run off of the Speedy Trial clock. And so based on the district court's ruling of 65 days, based on the government's representations, that 62 days had run. When you add that 16 days from the decision on that, the motion to suppress, and the final order, the written order that was submitted by the judge, that 16-day time period, that governs the decision of this case. That governs this Court's decision of whether the Speedy Trial Act was in fact violent. And so — and I think focusing on that 16 days is important, Judge. I mean, we've gone to great lengths talking about how the defense attorney at the suppression hearing noted an exception to the ruling of the court. And — It wasn't a ruling of the court. There was not a ruling of the court. Where did the court say that it granted the motion? Well, at the time when the defense counsel said, I'd note my exception to what the court has done, the court could have done several things. It could have said, well, you know, counsel, I understand you're noting an exception, but I want to take some time. I want to think about this issue, and I want to be able to take it under advisement. So where did the court say it granted the motion in the hearing? Well, I would suggest that by the court noting the exception by the attorney. You mean the defendant noting the exception? Well, the defendant noted the exception, and then the court noted the exception as well. It said in the record, I note your exception, counsel. So that you would — that you infer that that's a ruling. I think it's more than an inference, Judge. I think if you look at Black's Law Dictionary's definition of an exception, it's an order of a court. It's a final — it's a disposition of a case. And if the — basically the defense counsel is acknowledging that the case has been disposed of, and then the judge goes ahead and notes that exception, I think he's  You'd have a stronger argument if there wasn't this later minute entry where the court says, I took it under advisement, and then we're here. It's a factual decision, which makes your burden more difficult. So, Judge, you know, the court doesn't operate under the minutes that are provided by the clerk after the hearing.  But that's, in effect, evidence that we consider in looking at all the circumstance. And these determinations are factual determinations, did it happen or not. And we have to say when the district court then entered its written order that they were clearly erroneous in making that determination. I would suggest to the Court that it's a mixed — as I put in my reply brief, that it's a mixed question of law and fact, and that the application of those facts to the Speedy Trial Act is very significant in this case and brings in a legal question as to whether or not that exception ended the tolling period for that motion. The statute in this case, 3161, makes very clear, and the cases that construe 3161 make it very clear that that statute is to be construed very narrowly. And the cases from this Court, the Bloat case, the Zedner case from the United States Supreme Court all make it clear that the factors within 3161 and the construction of the Speedy trial is to be construed narrowly. And in doing so, this Court should dismiss the — at least the original count in the indictment based on Speedy trial grounds. Thank you, Mr. Wagner. Mr. Arnold. Good morning, Your Honors, and may it please the Court. Daniel Arnold for the United States. I'll start where my friend left off with the motion to suppress continuance on the Speedy Trial Act motion, because I do think that is probably the most straightforward way for the Court to affirm on the Speedy Trial Act claim. I agree with Judge Agee's point towards the end there that whether or not a district court has disposed of a motion basically subjectively in its mind is a factual question that is to be accorded deference by this Court. And here the district court repeatedly held — Well, it would be objective. The Court says, I grant your motion and I'll document it with a following with a written order, which sometimes is done. But the defendant here doesn't rely on that type of dialogue. The defendant relies on the fact that the Court noted when the defendant made an exception. It says, I note your exception, which basically means I'll take that into account or it's preserved. But it doesn't necessarily mean, I don't think, that the decision was predicted, but the question is whether the decision was actually made orally or was going to be made in a written document. Yes, Your Honor, I completely agree. The dialogue at multiple points in the motion to suppress hearing, would you please note my exception, sure I will and sure, okay, are not going to be enough to show as a matter of law or that a district court clearly erred in later finding that when it had that exchange with the defense attorney that it had actually ruled on the motion at that time. And I think the minutes shortly thereafter, shortly following the conclusion of the motions hearing, are really a strong indication of this. At that time, before any motion to dismiss v. Speedy Trial Act violations was at issue, the minutes clearly reflect that the district court had taken these under advisement. And it, again, holds this at 1473, 1331, 1442, and 1465. Over and over again, the Court is saying, I did not decide the motions to suppress at the conclusion of the hearing. Rather, I took them under advisement. And it specifically addresses the defendant noting his exceptions at 1473. It says, the Court did not dispose of the suppression motions at the hearing, but rather noted defendant's exceptions and took the matter under advisement with an opinion to follow. That is a finding of the Court that is to be accorded deference and subject to clear error analysis. I just heard my friend propose that it should be a mixed question of law and fact. We respectfully disagree that when a decision is rendered or adjudicated is an ascertainable fact about the world. It's a particular date that is quintessentially a factual finding. But even if it were a mixed question of fact and law, it is a predominantly factual one under Bufkin v. Collins or Wilkinson v. Garland from the Supreme Court recently. When a mixed question is predominantly fact-based, you still apply the clear error or heightened deferential standard. And again, rejecting that factual dispute by my friend is going to be sufficient on its own to resolve the Speedy Trial Act claim, because all parties agree that totaling the days between the conclusion of the January 24 hearing and the February 9th decision, memorandum decision denying the motions, is going to be enough to bring the Speedy Trial Act clock down below 70. If the Court has no further questions on that. Thank you. All right. Thank you. All right. Mr. Wagner, you have a few minutes. Thank you, Judge. I would turn the Court's attention to what I referenced in my opening brief and reply brief. The definition of an exception as provided by Black's Law Dictionary. Exception, as used in the context that the judge used it in this case, is an objection to an order or ruling of the trial court. A formal objection to the action of the court during the trial of a cause in refusing a request for overruling an objection implying that the part of the court  What if the court said, you know, we don't disagree with the meaning, but what if the court said I'm going to deny the motion and do so in a written memorandum to follow? And defense counsel says I have an exception and the court says I note that. Would that change? It would make my argument much stronger, Judge. Stronger? Or definitive? Or the court says I'm going to decide it in a written document? Oh, I'm sorry, Judge. My hypothetical is if the court said I will be I am not ruling. I thought you said I am ruling. I will be granting the motion in a written document, which I'll get out shortly. And the court says I want you to note my exception. And the court says noted. That would change it altogether, right? I believe so, Judge. So taking an exception to something that either will happen or has happened, it doesn't change that at all. The defendant wants to note that his position stands. I think how we should construe that dynamic in the court at that time was here the defense attorney is listening to the ruling that the judge is making, the questions that the judge is asking. And at that time, I mean, he was clearly going against the defendant. He clearly predicted he was going to deny the motion. Oh, yeah. And so the defense attorney, knowing he is He didn't say he was actually denying. He was going to. And the clerk at the time, on the very same day, said the court took it under advisement. Right. And that's what the court itself said, thought it was doing. And then it issues its opinion. Well, I would have to disagree with that construction, Judge, and simply point out that if the judge actually intended to take the case under advisement from that point and was not making a final decision, he should have told counsel that at that time. If I note an objection to a judge and the judge says, okay, I note your objection, counsel, I believe at that time that that matter is resolved. And there's not going to be any further thought process in that decision-making process than reaching a final decision. That was the prompt disposition of that particular issue by the district court at that time.  Thank you. I understand you're court-appointed. I am, Judge. And as always, you did a wonderful job for your client. And I want to note the importance of your service in that regard. It's something we rely on heavily to make our system work, and you're a big wheel in that. We'll come down and greet counsel and then proceed on to the next case. Thank you, Judge. Thank you, Judge.
judges: Paul V. Niemeyer, G. Steven Agee, Stephanie D. Thacker